**Bishan HUANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Department of Justice, and Executive Office of Immigration Review, Respondents.**

**No. 06–3491–ag.**

United States Court of Appeals, Second Circuit.

April 12, 2007.

Alisa Kaufman, San Francisco, CA, for Petitioner.

Gregory A. White, United States Attorney for the Northern District of Ohio, William J. Kopp, Assistant United States Attorney, Cleveland, OH, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Bishan Huang, a native and citizen of the People's Republic of China, seeks review of a June 27, 2006 order of the BIA affirming the December 13, 2005 decision of Immigration Judge ("IJ") Gabriel C. Videla denying Huang's motion to reopen immigration proceedings. *In re Bishan Huang,* No. A73 175 453 (B.I.A. June 27, 2006), *aff'g* No. A73 175 453 (Immig. Ct. N.Y. City December 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

In this case, the BIA decision dismissing Huang's appeal failed to consider material, and mostly undisputed, evidence that Huang had " 'pass[ed] with reasonable diligence though the period [she] seeks to have tolled.' " *Iavorski v. United States*

*INS,* 232 F.3d 124, 134 (2d Cir.2000) (quoting *Johnson v. Nyack Hosp.,* 86 F.3d 8, 12 (2d Cir.1996)). For the purposes of its decision, the BIA apparently tolled the limitations period until August 11, 2003, when, according to Huang, she learned of the 1994 *in absentia* deportation order entered against her. However, the BIA implicitly found that Huang was not entitled to further tolling past this date and, accordingly, that her September 2005 motion to reopen was untimely.

This determination by the BIA failed to take into account evidence in the record that, once aware of the outstanding order of deportation against her, Huang acted diligently. Specifically, the record indicates that, by September 2003, Huang had retained counsel to investigate the *in absentia* order. Moreover, contrary to the BIA's explicit finding, the record is conclusive that Huang did not "wait[ ] until September 21, 2005, to file her first motion to reopen with the Immigration Judge." Rather, Huang, through counsel, filed a motion to reopen in May 2004, but counsel withdrew this motion because he thought it was properly brought before the San Francisco IJ presiding over separate proceedings to rescind Huang's permanent resident status. The parties are in agreement on this point.

The record also reflects that, the day after learning that the San Francisco IJ declined to exercise jurisdiction over the order of deportation, counsel filed the September 2005 motion to reopen in New York. The BIA's failure to discuss any of this procedural history in its order leads to the conclusion that the BIA's decision that Huang's motion to reopen was untimely is "devoid of reasoning" on the issue of equitable tolling after August 2003 and, thus, is a "summary or conclusory statement" in-

dicative of an abuse of discretion. *Kaur,* 413 F.3d at 233–34.

In light of this conclusion, we cannot uphold the BIA's determination that Huang failed to show prejudice from her attorney's errors because the motion to reopen would have been untimely in any event. We have indeed held that, in order to prevail on a claim of ineffective assistance of counsel, an alien must demonstrate that she was prejudiced by former counsel's actions or inactions. *See Esposito v. INS,* 987 F.2d 108, 111 (2d Cir.1993). However, as discussed above, the BIA's finding that the first motion to reopen was untimely is based on flawed reasoning and an apparent mischaracterization of the record. Because the BIA's finding that Huang was not prejudiced by prior counsel's errors relies on this same reasoning, Huang's ineffective assistance of counsel claim must be reconsidered on remand as well.

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, the pending motion for a stay of removal in this petition is GRANTED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).